APRIL 27, 1804.

# Hendley Russell *v.* Thomas Hart & Co.

*Upon a writ of error to reverse a judgment of the Lexington District Court.*

1. On a writ of error by bail the original action against the principal can not be certified and considered as part of the record against the bail.

2. If there be judgment against the principal, also judgment against the bail, the principal can not have error on the judgment against the bail, nor the bail on the judgment against the principal.

3. Upon a writ of *scire facias* no declaration is necessary.

In considering the first error assigned, a previous question presents itself; that is, ought the record in the original action against the principal to be certified and considered as a part of the record against the bail? From the most attentive consideration of this question, and laborious researches made by the court, the negative of the question must be determined.

In 2 Crompton's Practice, 92, in a writ of error by bail, the record of the judgment against the principal need not be certified. If there be judgment against the principal, also judgment against the bail, the principal can not have error on the judgment against

Russell *v.* Hart.

the bail, nor the bail on the judgment against the principal, nor can they join in a writ of error, for these are several judgments, and affect distinct persons. 2 Bac. Abr. 199. Cro. Car. 408, 575, 481. Again, if *bail* bring *error* upon an award of execution in a *scire facias* against them, *matter* which lies properly in the mouth of the principal, *or* which might have been pleaded to a *scire facias* is not assignable for error after execution awarded against them. 1 Strange, 197. Salk. 262. 2 Crompt. 92.

The first error having stated matter contained in the record against the principal, also matter which the bail might have pleaded to the *scire facias*, neither of which can now be assigned for error, must be disregarded by the court.

The second error is not well founded, as the bail did not appear to the *scire facias*, a declaration was not necessary, and by the law of this state it will not be necessary in any *scire facias* hereafter.

The third and fourth errors are answered in the reasoning as to the first, and they do not exist without referring to the record against the principal, the errors of which can not be taken advantage of by a writ of error sued out by the bail.

The fifth error does not exist; the execution of the *scire facias* is not perhaps formal, but it is substantially sufficient.

As to the sixth error, although there appears to have been some irregularity in the proceedings in the office, yet the court at the succeeding term has corrected them, and entered the judgment properly on the *scire facias.* ·

Therefore, it is considered by the court, that the judgment aforesaid be affirmed, that the defendants may proceed to have the benefit of the judgment in the court below, and recover of the plaintiff their costs in this behalf expended, which is ordered to be certified to the Fayette circuit court.