HENSON *v*. WRIGHT.

(*Nashville.* February 11, 1890.)

1. TRUSTS. *Deed creating an active trust.*

An active trust is created where a deed conveys land to a trustee for the use and benefit of H. during his life, and directs the annual rents thereof to be paid over to him or his guardian during that period, and further provides that, "At the death of said H., leaving children or the descendants of children, he (the trustee) is to convey said lands to the children, to be held by them as tenants in common, the descendants to represent their ancestor. If the said H. should die in my life-time, leaving no children or the descendants of such, said trustee is to convey said land to me. If said H. should die after I do, and leave no children or their descendants, then said trustee is to convey said lands to my heirs, whoever they may be."

Cases cited and approved: Hooberry *v*. Harding, 10 Lea, 398; Aiken *v*. Smith, 1 Sneed, 309; Henderson *v*. Hill, 9 Lea, 25; Jourolmon *v*. Massengill, 86 Tenn., 93.

2. SAME. *Same. Legal effect of such deed upon the rights of the parties.*

Under such deed the trustee, being required to *convey*, and therefore to *preserve* the remainder for that purpose, must take and retain the legal title to the *land;* and therefore the beneficiary, H., takes no interest in or title to the *land* subject to levy under execution, or that can be subjected by proceedings in equity to payment of his debts, the deed being duly registered.

Code cited: §§ 5025–5028 (M. & V.); §§ 4282–4285 (T. & S.).

3. SAME. *Same. Devise of rents is not equivalent to devise of land, when.*

The general rule that a devise of the rents of land is equivalent to a devise of the land itself, does not operate to invest the beneficiary, H., with the legal title for life, because of the active trust and duty imposed upon the trustee under the deed in question.

Case cited and approved: Davis *v*. Williams, 85 Tenn., 546.

4. SAME. *Same.* *Power of alienation by joint deed of trustee and beneficiary.*
But under the provisions of the deed above quoted, the power of alienation exists, as to an estate in the lands for H.'s life, by joint deed of the trustee and the beneficiary.

5. SAME. *Same.* *Language that does not restrict power of alienation.*
This power of alienation over the life estate by the joint deed of trustee and beneficiary is not restricted by the other language of the deed, requiring the trustee to hold the lands "for the only proper use and benefit of" H., and "to hold said lands for the benefit of said H. only, and to account to him or his guardian for the rents or yearly issues" thereof. This language does not create a trust for the *personal* benefit of the beneficiary in such sense that the power of alienation would be repugnant to it.
Cases cited and distinguished: 96 Mo., 439; 69 Md., 77.

---

### FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

STOKES & PARKS for Complainants.

T. M. STEGER and WHITWORTH & JACKSON for Respondent.

LURTON, J. Andrew Hamilton, in 1864, for love and affection, conveyed by deed certain lands to James Henson: "In trust to hold said two tracts to the only proper use and benefit of my young

friend, William A. Hamilton, who is now a scholar at the school of E. L. Crocker, in Davidson County, in the State of Tennessee. He is to hold said lands for the benefit of said William only, and to account to him or his guardian for the rents or yearly issues of said lands. He is to hold said two tracts for the only proper use and benefit of him, the said William A. Hamilton, for and during the term of his natural life. At the death of said William A. Hamilton, leaving children or the descendants of children, he is to convey said lands to the children, to be held by them as tenants in common, the descendants to represent their ancestor. If the said William A. Hamilton should die in my life-time, leaving no children or the descendants of such, said trustee is to convey said land to me. If said William A. Hamilton should die after I do, and leave no children or their descendants, then said trustee is to convey said lands to my heirs, whoever they may be."

In 1885 the trustee and the beneficiary joined in the execution of a mortgage upon the estate for life of the beneficiary in the lands so conveyed in trust to Henson. They now unite in this bill for the purpose of restraining a sale of the supposed life estate, and to have the mortgage declared null and void as having been executed without power in the beneficiary or his trustee. A demurrer was sustained and the bill dismissed. The first contention of defendants is: "That the conveyance from A. Hamilton to Henson, trustee,

was a dry, naked trust, and the beneficiary took a life estate in the property." This is unsound. The duty to take, hold, and convey the remainder, upon the death of the beneficiary for life, to persons who should *then* appear entitled under the provisions of the deed, makes the trust an active one. That the founder of the trust could, by way of executory devise, have disposed of the remainder, will not affect the character of the trust if he chose to resort to a trustee in preference. *Aiken* v. *Smith*, 1 Sneed, 309; *Hooberry* v. *Harding*, 10 Lea, 398.

If any trust or duty is imposed on the trustee, either expressly or by implication, the trust is an active one, and in such case there is no merger of the legal and equitable estates, and the interest of the beneficiary, not being a legal one, is not subject to levy of execution. *Henderson* v. *Hill*, 9 Lea, 25; *Jourolmon* v. *Massengill*, 86 Tenn., 93.

The rule that a devise of the rents and profits of land is equivalent to a devise of the land itself, only applies where no active trust is interposed. In *Davis* v. *Williams*, 85 Tenn., 1, the devise of the rents and profits to the children of the devisor did not operate to devise them a legal estate for life in the lands, and this for the reason that an active trust was interposed between the legal and equitable estates. The trust in that case was held to be an active one, because it was the duty of the trustee to first apply the rents and profits to payment of taxes and to keeping prop-

erty in repair and tenantable condition. This duty was peculiarly important, in view of the fact that upon the death of the children the rents .and profits went to the grandchildren, and this trust not only preserved the remainder devised to the grandchildren, but preserved it in repair and tenantable condition. The duty of applying rents to repairs, or a trust to preserve contingent remainders, makes the trust an active one. Perry on Trusts, Sec. 305.

In the Davis case these trusts ceased upon the death of the children, and the estate of the trustee was therefore cut down to an estate for the life of the children, upon the doctrine that the trustee will take no greater estate than the objects of the trust require. The rents being, upon the death of the children, devised to the grandchildren *without any limitation,* and the trust being no longer an active one, was held to be equivalent to a devise of the remainder in fee. 85 Tenn., 647.

The trust in the case at bar was an active one, and the legal estate did not pass to the beneficial owner. The interest of the beneficiary, Hamilton, was not such a one as could have been reached by a creditor through the instrumentalities of a Court of Chancery. By §§ 4282–4285, Code of Tennessee, the Court of Chancery is given jurisdiction to subject to the satisfaction of the creditor choses in action, stocks, and property held in trust for the debtor, " except when the trust has been created or the property so held has proceeded from

some person other than the debtor himself, and the trust is declared by will duly recorded or deed duly registered." This legislative provision operated to deprive the Chancery Court of any jurisdiction which it might have otherwise had to subject the interest of a beneficiary under such a trust as that described. *Jourolmon* v. *Massengill,* 86 Tenn., 121.

But does it follow, because the interest is such a one as cannot be reached by execution at law or by bill in equity, that therefore it is inalienable? This trust is distinguished from the one in favor of Massengill in this: That all power of alienation was expressly withheld from the beneficiary, Massengill, and in that the income was expressly appointed to be used alone in the support of the *cestui que trust.* That trust was distinctly a *spendthrift* trust, and is so treated throughout the opinion. But learned counsel endeavor to bring this trust within the principles of the Massengill case by the contention that this trust is founded for a special use and purpose—the education and personal support of the beneficiary—and that the power of alienation is therefore repugnant to the purposes of the founder and by necessary implication withheld. The words relied upon as constituting this a trust for the personal support and maintenance of the beneficiary, are these: "For the only proper use and benefit of my young friend, William A. Hamilton;" and again, that the trustee "is to hold said lands for the benefit of said William A. Hamilton only, and to account

to him or his guardian for the rent or yearly issues of said lands" and that, "he is to hold said two tracts for the only proper use and benefit of him, the said William A. Hamilton, for and during his natural life." These words do not limit the interest of the *cestui que trust* to his support and maintenance, or declare the object of the trust to be to make a provision for his support. They only operate to declare a distinct trust for the sole and only benefit of William A. Hamilton during his life. A trust may be so created that no interest vests in the beneficiary, as, where it is limited to the support and maintenance of the beneficiary, and he is prohibited from alienation or anticipation; so, where the income is to be paid over only in the *discretion* of the trustee, or when it can only be applied for a special use, such as education or support. In all such cases the purposes of the trust would obviously be defeated if the beneficiary could assign or alienate. But whenever the absolute equitable interest is in the *cestui que trust*, and there is no prohibition upon his power of alienation, the incidents of ownership attach, and such interest is assignable and alienable. Perry on Trusts, Sec. 386*a*.

It is difficult to see how this trust would be breached by an assignment by the beneficiary, upon sufficient consideration, of the rents accrued or to accrue in the hands of his trustee. These rents would, in such case, have been applied to "the only use and benefit" of the beneficiary, just as certainly as if paid into his hands.

The late cases, to which we have been referred, of *Lampert* v. *Haydel,* 96 Mo., 439, and *Smith* v. *Towers,* 69 Md., 77, are not in point. In the first case the devise was "for the use and benefit of my three sons in equal shares, so long as they may live, with power to use and enjoy equally the rents, issues, and profits thereof during their natural lives. My object in making the foregoing disposition of my property, and in attaching the limitations aforesaid, is to secure to my children a certain annual income beyond the accidents of fortune; and, with this end in view, to take away from them the power of disposing of the same, or of creating any lien thereon, or of making the same liable in any way for their debts." This last clause operated to declare the trust to be one for the personal support of the beneficiaries, and in express terms withheld all power of charging the trust by mortgage or assignment. The deed of one of the beneficiaries, by which he alienated his interest in the trust, was therefore properly held inoperative and void. The Maryland case was still less an authority. The beneficiary had made no assignment. The case was that of a creditor endeavoring, by garnishment process, to reach the fund in the hands of the trustee to satisfy a debt due by the beneficiary. The trustee held under a will by which he was empowered to collect the rents and profits and pay them to his son Robert, "*into his own hands and not into another's, whether claiming by his authority or otherwise.*" The power

of anticipation and alienation was thus expressly withheld. The trust was sustained, and the creditor properly repelled.

The legal title to the lands conveyed under the trust under consideration being in the trustee, Henson, and the equitable interest in the beneficiary, Hamilton, and they having joined in a conveyance, operates to pass the estate for life to the mortgagee.

The demurrer was properly sustained, and the decree is affirmed.