McKeldin *v.* Gouldy.

## McKeldin *v.* Gouldy.

### (*Knoxville.* · September 24, 1892.)

1. CHANCERY COURT. *Jurisdiction of, to aid creditor defined.*

   Chancery Court has not jurisdiction to aid a creditor at large, holding a legal demand, to reach and subject to satisfaction of his claim an equitable interest owned by his debtor, and not leviable at law—there being no trust, fraud, or lien—when such interposition is sought alone upon the allegation of the debtor's insolvency, and that nothing can be made out of him at law.

   Code construed: §§5026, 5031–5038 (M. & V.); §§4283, 4288–4295 (T. & S.).

   Cases cited: Erwin *v.* Oldham, 6 Yer., 186; Ewing *v.* Cantrell, Meigs, 364; Jourolmon *v.* Massengill, 86 Tenn., 119; Porter *v.* Lea, 88 Tenn., 791; Chester *v.* Green, 5 Hum., 34; Hopkins *v.* Webb, 9 Hum., 522; McNairy *v.* Eastland, 10 Yer., 314; Montgomery *v.* McGhee, 7 Hum., 235; Embree *v.* Reeve, 6 Hum., 38; Turley *v.* Taylor, 3 Lea, 171; Peacock *v.* Tompkins, Meigs, 317; Brooks *v.* Gibson, 7 Lea, 274.

2. SAME. *Same.*

   The creditor may, in such case, have decree for his debt, under the recent statute enlarging the jurisdiction of Chancery Courts. But any decree for sale of debtor's property for satisfaction of the creditors claim would be void—*coram non judice.*

   Case cited and approved: 99 U. S., 398.

---

FROM M'MINN.

---

Appeal from Chancery Court of McMinn County. T. M. McConnell, Ch.

---

McKeldin *v.* Gouldy.

---

BURKETT, MANSFIELD & TURLEY for McKeldin.

HARBISON & ROBERTS for Gouldy.

LURTON, J. This is a bill in equity. The question presented is as to whether a Court of Equity has jurisdiction to aid a creditor at large, holding a legal demand, to reach and subject to the satisfaction of his claim an equitable interest not leviable at law—there being no trust, fraud, or lien—when such interposition is sought alone upon the allegation that the debtor is insolvent, and that nothing can be made out of him at law. The original jurisdiction of Courts of Equity, to aid a creditor holding a legal demand, was limited to those cases in which there was some element of fraud affecting the remedy at law as to assets subject to execution but for the interposition of fraud, and to those cases where there was some element of trust peculiarly entitling the creditor to subject a specific asset to the satisfaction of his demand; but where neither trust nor fraud appeared, such courts had no jurisdiction to aid such a creditor, even though he had exhausted his remedy at law. *Erwin* v. *Oldham*, 6 Yer., 186; *Ewing* v. *Cantrell*, Meigs, 364; *Jourolmon* v. *Massengill*, 86 Tenn., 119; *Porter* v. *Lea*, 88 Tenn., 791. To remedy this defect, our Act of 1832 was enacted. Its provisions now constitute §§ 5026 to 5030, inclusive, in the compilation of Milliken & Vertrees.

McKeldin *v.* Gouldy.

Under § 5026, the creditor whose execution had been returned unsatisfied, may file his bill in equity to compel the discovery of any property belonging to his debtor, including stocks, choses in action, or money due. Under the next section, the Court is given power to prevent the transfer, payment, or delivery of such property, and to subject same to the satisfaction of the creditor, whether such property was subject to execution or not. By § 5030 a remedy in equity is given:

1. In all cases where personal service of process cannot be made at law, and where no original attachment at law will lie, and no judgment at law can be obtained;

2. In cases where the demand is purely of an equitable nature.

The complainants are not judgment creditors. They are not, therefore, within the provisions of § 5026. Judgment at law could have been had. They are not, therefore, within § 5030.

By the Act of 1851-2, carried into the Code as §§ 5031 to 5038, both inclusive, Code of M. & V., a creditor without judgment may file his bill in equity to set aside fraudulent conveyances, and to subject the property to the satisfaction of his demand. Complainants do not allege any fraud, and they are, therefore, not within the provisions of this statute.

It is very obvious that the statutes enlarging the power of Courts of Equity to aid a creditor by subjecting to the satisfaction of his demand an

McKeldin *v.* Gouldy.

equitable interest, do not . extend to a case where such creditor is not a judgment creditor, nor a creditor at large seeking to set aside a fraudulent conveyance, nor a creditor whose demand is secured by lien, nor a creditor asserting some character of trust in the property he seeks to appropriate. In equity no one was a creditor, or recognized as such, until he had first obtained a judgment at law or. a decree in equity. *Chester* v. *Greer*, 5 Hum., 34; *Hopkins* v. *Webb*, 9 Hum., 522.

"The general rule is, therefore, that a judgment must be obtained, and certain steps taken toward enforcing or perfecting such judgment, before a person is entitled to institute a suit of this character." "In this rule," says Mr. Pomeroy, "there is uniformity of opinion, but the difficulty arises in determining exactly how far a plaintiff should proceed after he. has obtained .his judgment. It is, of course, necessary for him to allege and prove that he has taken the necessary steps at law before he can show a case requiring the interposition of equity." 3 Pom. Eq., Sec. 1415.

Our own cases illustrate the character of questions which have arisen concerning the steps, after judgment, necessary before he can resort to equity. *McNairy* v. *Eastland*, 10 Yer., 314; *Montgomery* v. *McGhee*, 7 Hum., 235; *Embree* v. *Reeves*, 6 Hum., 38; *Turley* v. *Taylor*, 3 Lea, 171.

The fact that the debtor is insolvent, and that nothing can be made out of him at law, is no reason for resort to equity. The mere poverty of

a debtor is no ground for taking jurisdiction in favor of a creditor at large.

When a proper creditor's bill is filed, either under the inherent powers of Courts of Equity, or under the extended powers of that court under the statute to aid a creditor, a lien exists from the filing of the bill, independent of statute. *Peacock* v. *Thompkins,* Meigs, 317; *Brooks* v. *Gibson,* 7 Lea, 274. In consequence of this equitable lien, a decree subjecting the property upon which it rests, is within the power of the Court.

Here complainants acquired no lien by the filing of their bill, and none existed by reason of contract or otherwise. Hence a decree subjecting a particular asset to the satisfaction of complainant's demand would have been *coram non judice. Smith* v. *Railroad,* 99 U. S., 398.

The fact that complainants were sureties, and as such had paid the debt of defendant, affords no ground whatever for subjecting this equitable interest of their debtor. This interest was in no way affected by any trust, and had no connection with the demand of complainants. The fact that complainants obtained an injunction restraining the defendant from collecting or assigning the fund sought to be subjected, gave the Court no jurisdiction, by decree, to appropriate that fund to this debt. The fact of insolvency is no reason, by itself, for the issuance of an injunction restraining the debtor's use of his property. The decree dis-

charging the injunction on final hearing was proper. Gibson's Suits in Chancery, 788.

The jurisdiction of the Court to entertain the bill, conferred by our late statute, for the purpose of rendering judgment for the debt, is quite distinct from its jurisdiction to subject to the satisfaction of the judgment the equitable interest of the debtor pointed out in the bill. It had jurisdiction to grant a decree for the debt; it had none to grant the further relief sought.

The decree must be affirmed.