## DUNHAM v. HARVEY et al.

### (Jackson. April Term, 1902.)

1. **INNOCENT PURCHASER.** Defense of, how made.

The defense of innocent purchaser can not be made by demurrer, but must be interposed by plea or answer, in which great certainty and particularity of averment is required. (*Post, pp.* 627-628.)

Cases cited: Rhea v. Allison, 3 Head, 177; High v. Battle, 10 Yerg., 335; Caldwell v. Cheatham, 2 Head, 22; Connell v. Ferguson, 5 Cold., 405; Saylors v. Saylors, 3 Heisk., 529; Stephens v. Porter, 11 Heisk., 348; Gates v. Card, 93 Tenn., 334.

2. **SALE OF LANDS.** Under decree of chancery court, without revivor against heirs, not void.

Where a bill was filed in the chancery court to collect taxes and the person against whom the bill is filed and decree sought dies before the decree for sale is pronounced, and there is no revivor against the heirs, the sale is not void. (*Post, pp.* 628-629.)

Code cited and construed: Sec. 6190 (S.).

3. **SAME.** Same. Valid if decree is executed before it is set aside.

And if the decree is executed before it is set aside under the provisions of the statute, it will be a protection to all persons acting upon its validity and will confer a good title to all property sold under it. (*Post, p.* 629.)

Code cited: Sec. 6193 (S.).

Dunham v. Harvey.

4. **WILLS, CONSTRUCTION OF.** Character and duration of trust estate under.

In trusts created by a will, it is a general rule that the trustee in whom is vested the legal title takes such quantity of interest therein as the purposes of the trust required, and, as soon as the trust is satisfied, the legal estate will vest, under the will, in the person or persons beneficially entitled to it. (*Post, p.* 631.)

Cases cited and approved: Smith v. Thompson, 2 Swan, 386; Belote v. White, 2 Head, 703; Aiken v. Smith, 1 Sneed, 304; Ellis v. Fisher, 3 Sneed, 231.

5. **SAME.** Same. Remainder protected by life estate in trustee. Case in judgment.

The testator, after providing for the payment of his debts, devised the residue of his estate to his wife, her heirs and assigns, forever, *in trust* that she hold and enjoy the same during her life for the support of herself and family, and the remainder thereof to his daughter K. and her children then living or thereafter to be born. The widow, trustee, qualified as administratrix and assumed to convey to one S. certain of the realty, devised as aforesaid, which was sold, under bill in chancery, to pay taxes, and the sale confirmed December 14, 1884. The trustee died February 12, 1891. Purchasers at tax sale and privies in estate to them in possession of the property. Bill by adult married daughters and minor granachild (born June 21, 1880) of testator's daughter K., to recover said property.

*Held:* 1st. The devise to the widow of testator and the trust created thereby terminated with her life.

2d. That, although the joint suit of the married daughters and their husbands was barred by the statute of limitation, the right of the minor *cestui que trust* under the will to contest the tax sale was not barred. (*Post, pp.* 626, 630, 631.)

Dunham v. Harvey.

6. **CHANCERY PRACTICE.** Dismissal of bill by husband and wife without prejudice, erroneous when.

Where a bill by married women and their husbands is dismissed upon demurrer because the relief sought is barred by the operation of the statute of limitations, the decree of dismissal should be absolute, and it is error for the decree to contain a reservation, "without prejudice," in favor of the married women. (*Post, pp.* 626, 631.)

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

EDGINGTON & EDGINGTON, for Dunham et al.

GILLHAM & GILLHAM, for Harvey et al.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

Complainants, as heirs and devisees of Watt C. Bradford, deceased, filed this ejectment bill to recover possession of certain real estate in the city of Memphis, alleged to have been fraudulently conveyed by the personal representative of said Bradford's estate.

The will of said Watt C. Bradford was admitted to probate in 1864, and contains the following items, which are immediately involved in this litigation:

"Item 2nd. I direct the payment by my executors, hereinafter named, of all of my just debts, out of any moneys now on hand, or to be realized hereafter from collections or from the sale of real or personal, which they are hereby authorized to make for that purpose.

"Item 3rd. The rest and residue of my estate of every kind, character, and description, real and personal wherever situated, in this State or elsewhere, I will, bequeath, and devise unto my well-beloved and faithful wife, Catherine J. Bradford, for her heirs and assigns, forever, in trust, that she hold and enjoy the same, with its emoluments and profits, for and during the term of her natural life, for the support and maintenance of herself and family, and the remainder or reversion thereof to my daughter, Mary Knapp, wife of ———— Knapp, and to her children then living or thereafter to be born, free from the debts, contracts, or engagements of her present or future husband. My said wife, if she desires, may at any time set apart and deliver to my said daughter, Mary Knapp, any portion of said property, real or personal, to be held by her free and discharge of debts, liabilities, and engagements of her present or any future husband.

"Item 4th. I nominate and appoint my particular friends William Chase and J. M. Provine, of Memphis, Tenn., the executors of this, my last will and

testament, and especially request them to act as such, having nominated them because of my unbounded confidence in their integrity and uprightness."

Catherine J. Bradford, the widow of the testator, afterwards intermarried with Dr. H. Schafer, and died on the 12th of February, 1891. The present complainants are children of Mary Knapp, daughter of the testator, viz.: Catherine B., who was born May 3, 1858, and intermarried with Robt. Wilson, March 27, 1879; Elizabeth G., who was born December 27, 1860, and intermarried with Jno. C. Dunham, June 25, 1879, and as the issue of said marriage, Roy Burnham was born June 21, 1880. Mary F. was born September 6, 1862, and married Everette Hungerford, November 10, 1879. Roy Burnham is also made a party complainant. The husbands of the three married daughters of Mary Knapp were also parties complainants.

It is alleged in the bill that said Catherine J. Bradford, widow of Watt C., having intermarried with one Schafer, qualified as administratrix of Watt C. Bradford, with the will annexed, and made a fraudulent and colorable conveyance of the land in controversy to Chas. Sewering, under the pretext that the sale was necessary to pay off debts of the testator. The defendants herein, Bridget Harvey, Mrs. Meagher, and Thomas Haggerty, claim title under Chas. Sewering as purchasers of the property under a sale for taxes in the consolidated causes of State against Butler et al., and City of Memphis against Sewering.

Dunham v. Harvey.

A more specific statement of the facts is that one Dennis Harvey purchased the property at the clerk and master's sale in said consolidated causes on the 8th of March, 1884, for the sum of $748. The lot was sold as the property of Chas. Sewering. The sale was confirmed, and title vested and divested by decree duly entered on the 4th of December, 1884.

The bill further alleges that on the 24th day of March, 1893, Dennis Harvey sold the north 40 feet of this lot to Mary J. Meagher by deed for $1,000, paid by her to Harvey. It alleges the death of Dennis Harvey, and the fact that the defendant Bridget Harvey is his widow, and the administratrix of the estate, which is being wound up as an insolvent estate in the insolvent case of Bridget Harvey, administratrix, against Michael Harvey at al., No. 10991, R. D., of the chancery court of Shelby county. It alleges further that Thomas Haggerty is one of the heirs at law of Dennis Harvey, and that Bridget Harvey purchased the property at chancery sale in said insolvent proceedings; that is to say, that part of it which had not been sold to Mrs. Meagher. The bill further alleges that the sale to Bridget Harvey has not yet been confirmed, and that she is sued as administratrix of the estate of Dennis Harvey and individually as purchaser of the property.

Referring to the sale by Mrs. Schafer to Chas. Sewering, it is alleged that Sewering never paid the $1,000 mentioned in the deed as the consideration thereof; that

it was never intended he should pay it; that he never in fact had possession of the deed, and that it was never in fact delivered to him. It is further alleged in the bill that complainants were not parties in any manner to the tax suits (referring to the consolidated causes already mentioned).

Defendants demurred to the bill, and the demurrer was sustained on the statute of limitation as to all of the complainants excepting Roy Burnham. The dismissal of the bill as to the three married women, Mrs. Dunham, Mrs. Wilson, and Mrs. Hungerford, was without prejudice to their separate rights. Defendants appealed from so much of the decree overruling the demurrer as to Roy Burnham, and so much of the decree as dismissed the bill "without prejudice" to the separate rights of the married women.

The errors assigned are: "First. The court erred in not sustaining the demurrers, and in not dismissing the bill as to Roy Burnham.

"Second. It was error on the part of the court to have made any reservation in the decree of dismissal as to Mrs. Dunham, Mrs. Wilson, and Mrs. Hungerford. The dismissal as to them should have been absolute and final, so as to be *res adjudicata,* so as to prevent the bringing of a new suit at some future time.

"Third. The court erred in failing to hold that the bill has no equity on its face.

"Fourth. The court erred in failing to hold that the right and title of Roy Burnham, Mrs. Dunham, Mrs.

Dunham v. Harvey.

Wilson, and Mrs. Hungerford were barred by the statute of limitation of seven years.

"Fifth. The court erred in failing to hold that the sale of the property to Dennis Harvey was a valid sale, and that in default of any charges in the bill tending to show that Dennis Harvey and Mary J. Meagher were not *bona fide* purchasers, the bill was without equity on its face, and should have been dismissed absolutely, and without reservations.

"Sixth. The court erred in failing to hold that the bill has no equity on its face, because of the fact that the complainants are attempting collaterally to attack the decree of sale and other proceedings in State against Butler and City against Sewering for matters outside of the record of those consolidated cases.

"Seventh. The court erred in failing to decree that an administrator *de bonis non* of the estate of Watt C. Bradford is a necessary party defendant to rescind the sale of this property by a former administrator with the will annexed, who sold it in the exercise of the powers of sale conferred by the will to pay the debts of the testator."

It is unnecessary, in the disposition of this case, to notice all the assignments of error, but only a few will be considered. It may be remarked, in the first place, that the defense of innocent purchaser cannot be made by demurrer, but must be interposed by plea or answer, in which great certainty and particularity of averment is required. *Rhea* v. *Allison*, 3 Head, 177; *High* v. *Batte*,

10 Yerg., 35; *Caldwell* v. *Cheatham,* 2 Head, 22; *Connell* v. *Furgason,* 5 Cold., 405; *Saylors* v. *Saylors,* 3 Heisk., 529; *Stephens* v. *Porter,* 11 Heisk., 348; *Gates* v. *Card,* 93 Tenn., 334, 24 S. W., 486.

Complainants, by their bill attack the validity of the decree of sale in the consolidated cases of State against Butler and City against Sewering, because they allege now as a fact that Chas. Sewering was dead at the time of the decree of sale and subsequent proceedings. With regard to the sale for taxes, the averments of the bill are as follows: "Third.    Complainants aver that said decree for sale, the sale made thereunder, the confirmation thereof, and the attempted vestiture of the title in Dennis Harvey are ineffectual and void, because the proceedings were only against Chas. Sewering, as the owner of the property, and the party from whom the taxes were due, who, as a matter of fact, had died intestate in the year 1882, leaving surviving him two children, William L. and Mary Sewering, against whom the cause was never revived; that is, the whole proceeding was void because the sole defendant, Chas. Sewering, was then dead, and the court had no jurisdiction to make the decree for sale, or any of the proceedings which followed it, inclusive of the sale to Harvey, the confirmation thereof, and the attempted vestiture of title in him." The allegation of the bill is grounded upon the idea that, because Sewering died before the entry of the decree for sale, and there was no revivor against the heirs, the sale was therefore void.    This proposition is erroneous.    Our

statutes (Shannon's Code) cure this infirmity in the proceedings.

"Sec. 6190.    The death of the defendant proceeded against without personal service, whether the death occur before or after the filing of the bill, does not render the proceedings void, but his heirs or representatives, as the case may be, have the right within three years from the rendition of the final decree to make themselves parties by petition, verified by affidavit, showing merits, and contest the complainant's bill."

"Sec. 6193.    The decree, if executed before it is set aside under any of the foregoing provisions, will be a protection to all persons acting upon its validity, and will confer a good title to all property sold under it."

The eighth and ninth assignments are:

"Eighth.    The court erred in failing to hold that the will of Watt C. Bradford placed the title to the remainder of his property in trust in Catherine Bradford, his widow, to preserve the remainders to the unborn children, and to enable her to set apart these remainders from the interest of the testator's only child and daughter, Mary Knapp.    The court erred in failing to hold that these duties referred to which were imposed by the will upon Mrs. Bradford as trustee made the trust an active one, and as such the statute of limitation ran against the trustee, and barred the rights of both trustee and beneficiaries.

"Ninth.    The bill charged that Roy Burnham was born June 21, 1880, which was a little over the eleven

years after the deed was made to Chas. Sewering. This being so, his remainder, at least, was vested in Mrs. Bradford, under the provisions of Watt C. Bradford's will, and, the title being in the trustee, the statute of limitations had barred his title while it was in such trustee, whose duty it was to preserve this remainder."

We think it quite plain that the devise to Mrs. Catherine J. Bradford, widow of the testator, terminated with her life. The language of the will is: "Item 3d. The rest and residue of my estate of every kind, character, and description, real and personal, wherever situated, in the State or elsewhere, I will, bequeath, and devise to my well-beloved and faithful wife, Catherine J. Bradford, her heirs and assigns, forever, in trust that she hold and enjoy the same, with its emoluments and profits, for and during the term of her natural life, for the support and the maintenance of herself and family, and the remainder or reversion thereof to my daughter, Mrs. Knapp, wife of ———— Knapp, and to her children then living or thereafter to be born, free from the debts, contracts or engagements of her present or any future husband." It will be observed that the uses of the trust estate devised to Mrs. Bradford were the support and maintenance of herself and family for and during the term of her natural life.

In *Smith* v. *Thompson*, 2 Swan, 386, it appeared that Smith conveyed to Yancy, his heirs, executors, etc., negro slaves, in trust for the separate use of the wife of said Smith, the trustee to have or control the slaves for

her interest, and (in the words of the deed) "after her death the said negroes, with their increase, if any, to be equally divided between all of her children." The court said in trusts created by a will it is a general rule that the trustee in whom is vested the legal estate takes such quantity of interest therein as the purposes of the trust required, and, as soon as the trust is satisfied, the legal estate will vest, under the will, in the person beneficially entitled to it. A trust estate is not to continue beyond the period required for the purposes of the trust. To the same effect are *Belote* v. *White,* 2 Head, 703; *Aikin* v. *Smith,* 1 Sneed, 304; *Ellis* v. *Fisher,* 3 Sneed, 231, 65 Am. Dec., 52.

It results that there was no error in the decree, except that the bill as to the married women is dismissed without reservation, and the cause remanded for further proceedings.