CITIZENS' NATIONAL BANK *v.* A. J. WATKINS *et al.*\*

(*Knoxville.*   September Term, 1912.)

1. **TRUSTS AND TRUSTEES.** Trust deed imposing active duties upon the trustee creates an active trust.

Where a deed conveyed land in trust for the benefit of the grantor for life, and then for others, requiring the trustee to keep the property in repair, collect rents, pay taxes and insurance, and, at the death of the grantor, to convey the land to the grantor's daughter, if living, and if not living, then imposing certain other active duties upon the trustee, or his successor, in respect of the land, such deed created an active trust. (*Post, pp.* 455-457.)

Cases cited and approved: Jourolmon v. Massengill,. 86 Tenn., 81; Henson v. Wright, 88 Tenn., 501.

2. **SAME.** Estate of cestui que trust under an active trust is an equitable one; and may be reached by judgment creditors, when.

Where trust deed creates an active trust, the estate of the *cestui que trust* is a permanent equitable estate, which can be reached only by a judgment creditor, where the deed is valid and there is no fraud. (*Post, p.* 457.)

Case cited and approved: McKeldin v. Gouldy, 91 Tenn., 677.

3. **FRAUDULENT CONVEYANCES.** General creditors may subject land conveyed in trust for grantor's benefit in fraud of creditors.

Where a deed conveying land in trust was a fraudulent conveyance, or merely a device to hinder and delay the grantor's creditors, an existing or subsequent creditor, whether with or without judgment, may file his bill in chancery and subject the land to the satisfaction of his debt, as provided by section 6097 of Shannon's Code. (*Post, pp.* 457, 458.)

---

\*As to what constitutes a directory or an active trust, see note in 11 L. R. A. (N. S.), 331.

Bank v. Watkins.

Code cited and construed: Sec. 6097 (S.); sec. 5031 (M. & V.); sec. 4288 (T. & S. and 1858).

Cases cited and approved: August v. Seeskind, 6 Cold., 166; Brooks v. Gibson, 7 Lea, 271; Menkin v. Brinkley, 94 Tenn., 721.

4. **SAME. Deed creating trust for benefit of grantor is void upon its face, as to his creditors who may subject the land by bill in chancery, without other proof of fraud.**

Where the absolute owner of the legal title and beneficial use of certain land conveyed the same to his brother by name, in trust to keep the property in repair, collect the rents, pay the taxes and insurance, and to pay the remainder of the income to the grantor, during his life, and, at his death, to convey the land to the grantor's daughter in fee, if living, and, if not then living, then imposing certain other active duties upon the trustee and his successor, such deed evidenced, on its face, an illegal scheme to hinder and delay creditors, and was invalid as to them, and such land may be subjected to the payment of the grantor's debts by a chancery bill alleging that the conveyance was fraudulent, and was made for the purpose of hindering and delaying creditors, without any further proof of the fraudulent arrangement than the terms of the instrument itself. (*Post, pp.* 458-460.)

Code cited and construed: Sec. 6097 (S.); sec. 5031 (M. & V.); sec. 4288 (T. & S. and 1858).

Cases cited and approved: Menkin v. Brinkley, 94 Tenn., 721; Nolan v. Nolan, 218 Pa., 135; Sargent v. Burdett, 96 Ga., 111; Petty v. Sanitarium, 110 Va., 815.

---

FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County. —T. M. McCONNELL, Chancellor.

R. B. COOK, for complainant.

PRITCHARD & SIZER, for defendants.

---

MR. JUSTICE LANSDEN delivered the opinion of the Court.

The complainant is the owner of the defendant's note in the sum of $525.25, and filed this bill in the chancery court of Hamilton county, praying for judgment upon the note, and assailing a certain conveyance made by the defendant to his brother, as trustee, upon trust for the donor himself, as fraudulent and void, as hindering and delaying creditors. The conveyance assailed provides as follows:

"To keep said property in repair and collect, or have collected, all rents arising from said property, and to pay all taxes legally assessed against same, and to keep insured, if in the discretion of the trustee it should be done, and to such amount as the trustee deems necessary, the above expenses to be paid out of the income, likewise all other legitimate expenses arising from said trust, and the remainder of the income of every kind arising from said property the trustee will pay over to A. J. Watkins during his lifetime, it being my [A. J. Watkins'] intention to retain all the net income after the expenses are paid during my natural life (the property hereby conveyed being absolutely my own). And at my death the trustee will convey the property to my daughter, Helen R. Watkins, in fee simple, if she has at that time reached the age of twenty-one years, free

from the debts, contracts, control, or obligation or any marital rights of her husband at that time, if she be married, or any future husband that the said Helen R. Watkins may have. If not, said trustee will hold such property until she does arrive at the age of twenty-one years, and then convey to her in fee simple as above described.

"In case of the death or resignation or inability of the said trustee during the existence of this trust, then my mother, Helen Watkins, shall succeed Chester Watkins as trustee, and have power as here is invested in the original trustee, and continue the trust as aforesaid. If, during the existence of said trust, it shall be deemed best by the trustee or his successors in trust, said trustee or his successors in trust may at will sell any portion or all of said real estate for investment, or for any other purpose deemed necessary, by said trustee, and the same may be done by said trustee, and a good title vested in the purchaser, provided I join in the deed of conveyance. In the event of the death of Helen R. Watkins, the beneficiary herein named, she dying without issue during the lifetime of the said A. J. Watkins, the trustee will reconvey all of the above described property to said A. J. Watkins in fee simple; but if said A. J. Watkins is dead at that time, the aforesaid trustee will convey said real estate in fee simple to my brothers, R. M. and Chester Watkins."

The answer of the defendant denied the fraud charged in the bill, and set up and relied upon the validity of the deed of trust. There is no proof in the record to

support the charges of fraud made in the bill, other than the deed itself.

It is insisted for the defendant that the trust created by the deed in controversy is an active one, imposing certain specific duties upon the trustee, such as keeping the property in repair, collecting rents, paying taxes and insurance, and at the death of the grantor to convey the property to his daughter if living, and if not living, then imposing certain other active duties upon the trustee or his successor in respect of the property.

It is argued from this that the complainant, being a subsequent creditor at large, is entitled to no relief, upon the authority of *McKeldin* v. *Gouldy,* 91 Tenn., 677, 20 S. W., 231.

Whether this is true depends upon the legal effect to be given to the deed of trust. If the deed is valid, the trust created is an active one. *Henson* v. *Wright,* 88 Tenn., 501, 12 S. W., 1035; *Jourolmon* v. *Massengill,* 86 Tenn., 81, 5 S. W., 719. In such trusts the estate of the *cestui que trust* is a permanent equitable estate, and the complainant's remedy is properly set forth in *McKeldin* v. *Gouldy,* supra. But if the deed of trust is a fraudulent conveyance of the property, or merely a device resorted to for the purpose of hindering and delaying creditors, a creditor at large may file his bill in the chancery court and subject the property to the satisfaction of his debt. Shannon's Code, sec. 6097; *Brooks* v. *Gibson,* 7 Lea, 271; *August* v. *Seeskind,* 6 Cold., 166. This particular class of spendthrift trusts has evoked an expression of opinion from the courts of last resort

of the various States where the doctrine of spendthrift trusts is recognized, which seems to be unanimous, and in all of them which have fallen under our observation, a deed executed by the donor to a trustee to secure to himself the benefits of the property conveyed is absolutely void as against both existing and subsequent creditors. The general policy of the law is that creditors have the right to resort to all the property of the debtor for the satisfaction of their debts, except so far as the debtor is given specific exemption by the statutes of the State; and by our (Shannon's) Code, sec. 6097, conveyances for the purpose of hindering and delaying creditors are declared void. In *Menkin* v. *Brinkley*, 94 Tenn., 721, 31 S. W., 92, it was stated generally that where the owner of property conveyed it in trust, making himself the *cestui que trust*, that such conveyance was void. However, in that case, the complainants were judgment creditors with *nulla bona* return, and the question of procedure presented upon the assignments of error in this case was not considered. The general doctrine stated in *Menkin* v. *Brinkley*, supra, has been repeatedly announced by the various courts of the Union. In *Nolan* v. *Nolan*, 218 Pa., 135, 67 Atl., 52, 12 L. R. A. (N. S.), 369, it was said:

"It is against public policy, and not consonant with natural justice and fair dealing as between debtor and creditor, that a settlor should be permitted to play fast and loose with his property in such a manner as to have the use of the income during life and the right of dis-

posing of the principal by will at any subsequent time he chooses to exercise the power, thus giving him all of the substantial benefits arising from the ownership thereof, while he has safely put his property beyond the reach of creditors." *Sargent* v. *Burdett,* 96 Ga., 111, 22 S. E., 667; *Petty* v. *Moores Brooks Sanitarium,* 110 Va., 815, 67 S. E., 355, 27 L. R. A. (N. S.), 800, 19 Ann. Cas., 271.

From the nature of the deed of trust in question we are of opinion that its legal effect amounts to nothing more than a scheme to hinder and delay creditors in the collection of their debts. No other proof of the scheme is required than the terms of the instrument itself. The defendant was already possessed of an estate in the property of his own right, holding the legal title and the beneficial use, and the only benefit which he could acquire by the conveyance to his brother in trust for himself would be to hinder and delay creditors in the collection of their debts. He cannot own the property and not own it at the same time. Whatever might be said of the justice or honesty of the arrangement in point of morals, it is enough that such conveyance contravenes a sound public policy announced in *Menkin* v. *Brinkley,* supra, and is therefore void. Being void, it may be reached by the bill in this case, upon an allegation that the conveyance is fraudulent, and was made for the purpose of hindering and delaying creditors, without any further proof of the fraudulent arrangement than the instrument itself. Its inevitable effect

is to hinder and delay creditors, and the maker must be conclusively presumed to have so intended.

The court of civil appeals reached the same conclusion, but upon different grounds, and its decree is affirmed, with costs.