EMILY C. WINTERS *et al. v.* LUCILE MARCH *et al.*

(*Nashville.* December Term, 1917.) ·

1. **TRUSTS.** Duration.

The duration of a trust depends upon the purposes thereof; and
when such purposes have been accomplished, the trust ceases.
(*Post, pp.* 501, 502.)

Cases cited and approved: Walt v. Walt, 113 Tenn., 189; Dunham
v. Harvey, 111 Tenn., 620; Temple v. Ferguson, 110 Tenn., 84;
Henson v. Wright, 88 Tenn., 501; Jourolmon v. Massengill, 86
Tenn., 81; Davis v. Williams, 85 Tenn., 646; Hooberry v. Harding,
78 Tenn., 397; Henderson v. Hill, 77 Tenn., 25.

Case cited and distinguished: Ellis v. Fisher, 35 Tenn., 231.

2. **PERPETUITIES.** Trusts. Termination.

A will leaving the residuary estate in trust to the firm to which
a testator belonged as trustee "for my said wife and three
children, share and share alike, the income derived therefrom
by said trustees to be paid over to my said wife and children as
their necessities demand," and providing that if it should be
unnecessary to encroach upon the income, then such income was
to be invested, but not providing for any devise over, created a
trust which would cease as to each beneficiary at death; each
devisee being entitled to receive a portion of the income from
his share as his necessities might demand, and after the death
of the beneficiaries the share of each would go to his or her
devisee, distributee, or heir, and therefore the bequest was not
void, creating a perpetuity. (*Post, pp.* 502, 503.)·

Cases cited and approved: Temple v. Ferguson, 110 Tenn., 84; Ellis
v. Fisher, 35 Tenn., 231; Smith v. Metcalf, 38 Tenn., 64; Rogers
v. White, 33 Tenn., 68.

Winters v. March.

3. **TRUSTS.** Merger of estates.

Where a will devised a testator's residuary estate to trustees for the benefit of his widow and children, the bequest did not merge the estate with the remainder, where the trust was active, and merger would have defeated testator's intention. (*Post, pp.* 503, 504.)

Cases cited and approved: Davis v. Williams, 85 Tenn., 646; Henderson v. Hill, 77 Tenn., 25; Jourolmon v. Massengill, 86 Tenn., 93.

Case cited and distinguished: Henson v. Wright, 88 Tenn., 501.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—JOHN ALLISON, Chancellor.

STOKES & STOKES, for complainant.

JNO. B. DANIEL and T. J. MCMORROUGH, for defendants.

· MR. JUSTICE FENTRESS delivered the opinion of the Court.

This cause involves a contest over the validity of a trust created by the sixth item of the will of .G. W. Winters, deceased. The bill was filed by the widow and children of the testator against his grandchildren, who are all minors, and W. F. Hardison, one of the trustees named in the will.

139 Tenn.—32

The chancellor adjudged the trust void, and the court of civil appeals sustained his decree. This court granted the writ of *certiorari* to that court, and the cause has been argued here.

The case is presented upon an agreed statement of facts, in which it appears that the deceased was survived by his widow, two sons, and one daughter. It is shown that by successful trading and frugality he had accumulated real and personal property of the value of approximately $250,000, and had effected upon his life policies of insurance, payable to his estate, for more than $50,000. The testator also left life insurance payable to his widow for $10,000, and to each child for $5,000, which amounts have been paid to them.

At the time of his death the testator was a member of the partnership of Winters & Hardison, dealers in securities and real estate in Nashville; the junior member of the firm being W. F. Hardison. The written articles of partnership provided that the firm should not be dissolved by the death of either party, but that the representatives of the partner dying should designate some one to take the place of the deceased partner, and that the partnership should continue under the firm name until the expiration of the period of five years provided in the articles of partnership. After the death of the testator, his son Jesse T. Winters, who had theretofore been employed by the firm, by the consent of all of the parties interested, was designated to the

place of the testator, and the partnership has since continued under the firm name.

By item 1 of the will the testator provided for the payment of his debts and funeral expenses, which are shown to have been small. By item 2 he devised his residence to his wife for life, and at her death to his son Jesse T. Winters for life, and at his death to his children. By items 3 and 4 he devised to his other son and daughter each a house and lot for life, and provided that at their death their children should have the lots, respectively.

By the fifth item of his will the testator repeats that the above-mentioned properties, devised to his children, are for their lives, and at their death are to go to their children, and in the event any child shall die without issue the property so devised to such child shall go to the survivors, and at their death to their children.

The sixth item is as follows: "All the rest and residue of my estate of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, real, personal or mixed, I leave in trust to the firm of Winters & Hardison as trustee for my said wife and three children, share and share alike, the income derived therefrom by said trustees to be paid over to my said wife and children as their necessities may demand, and in the event that their condition is such that it is unnecessary to encroach upon the income therefrom, then I direct that said

trustees invest the income so as to bring in an income.''

The pertinent portions of the remainder of the will are as follows:

''7th. I give and grant unto my executor, Jesse T. Winters full power and authority to sell any and all of the real estate conveyed to me for the firm of Winters & Hardison, . . . and I also authorize and empower and direct my executor to sell any real estate belonging to me individually as my residuary estate but direct that W. F. Hardison act as general manager and adviser of my said executor in disposing of said real estate held by me for said firm of Winters & Hardison, and also the property owned by me individually.''

''8th. It is my will and I direct that the firm of Winters & Hardison continue as under the contract of copartnership existing between W. F. Hardison and myself, and that the said W. F. Hardison be general manager of said business.''

''Last: I nominate and appoint my son, Jesse T. Winters executor of this my last will and testament, and nominate and appoint W. F. Hardison general manager of the firm of Winters & Hardison, and also general manager of the trust fund left to the firm of Winters & Hardison, trustees, under item 6 of this my will, and also appoint him as advisory trustee and general manager of my residuary estate.''

It is contended that the sixth provision of the will creates a perpetuity. The following criticism appears in the brief of counsel for complainants:

"There is no provision in this item under which the grandchildren would come into the estate on the death of the children. There is no time fixed for the termination of the trust, but it is made the duty of the trustees to hold, for all time, the *corpus* of the estate, and if the widow and children do not need the income, then this income is to be invested, becoming a part of the *corpus*. There is no provision that it shall cease on the death of the trustee, and if the trust is valid it will be the duty of a court of equity to appoint a trustee in the place of the dead one so that he could continue the trust. We would thus have certainly the *corpus* of this estate, if not the income, tied up indefinitely."

The duration of a trust depends upon the purposes of the trust. When the purposes have been accomplished the trust ceases.

In the leading case of *Ellis* v. *Fisher*, 35 Tenn. (3 Sneed), 231, 65 Am. Dec., 52, this court in an opinion by Judge McKinney, in treating of the duration of trusts, said:

"The established doctrine is, that trustees take exactly that quantity of interest which the purposes of the trust require. The question is not, whether the testator has used words of limitation, or expressions adequate to carry an estate of inheritance; but whether the exigencies of the trust demand the

fee simple or can be satisfied by any, and what less estate. And, therefore, a devise to trustees may be either restricted or extended, as the nature and purposes of the trust require." *Walt* v. *Walt,* 113 Tenn., 189, 81 S. W., 228; *Dunham* v. *Harvey,* 111 Tenn., 620, 69 S. W., 772; *Temple* v. *Ferguson,* 110 Tenn., 84, 72 S. W., 455, 100 Am. St. Rep., 791; *Henson* v. *Wright,* 88 Tenn., 501, 12 S. W., 1035; *Jourolmon* v. *Massengill,* 86 Tenn., 81, 5 S. W., 719; *Davis* v. *Williams,* 85 Tenn., .646, 4 S. W., 8; *Hooberry* v. *Harding,* 78 Tenn. (10 Lea), 397; *Henderson* v. *Hill,* 77 Tenn. (9 Lea), 25.

We think this item of the will, considered in connection with the preceding and following provisions, shows the testator purposed three things: First, the conservation of his estate; second, provision for the necessities of his family; and, third, the preservation and investment of the income of the estate beyond the amount necessary to meet the necessities of his wife and children.

Evidently he had the idea that these purposes could better be accomplished by leaving his estate to trustees than by giving it directly to his widow and children. Hardison was his partner and doubtless familiar with his partnership and individual realty, so the testator directs that he should manage the disposition of it. His confidence in the ability of his partner is further proven by making him a trustee and "general manager" of his residuary estate. It is true, the testator devised his property to the

partnership of Winters & Hardison; however, it is manifest that although the firm was to hold the property in trust, as stated, the management of it was imposed upon Hardison.

The trust will cease as to each *cestui que trust* at death. Each devisee is entitled to receive the portion of the income from his share as his necessities may demand and, of course, the necessities of each end at death. The will does not provide for any devise over of the *residuum* of the estate after the death of the beneficiaries, hence the share of each beneficiary will go at death to his or her devisee, distributee, or heir, as the case may be. *Temple* v. *Ferguson,* 110 Tenn., 84, 72 S. W., 455, 100 Am. St. Rep., 791; *Ellis* v. *Fisher,* supra; *Smith* v. *Metcalf,* 38 Tenn. (1 Head), 64; *Rogers* v. *White,* 33 Tenn. (1 Sneed), 68.

It is insisted, however, that if the will does not create a perpetuity, the testator died intestate as to the remainder, after vesting a life estate in trustees for complainants, and having both the life estate and remainder, the former became merged in the latter, and therefore the trust fails. The will does not create a life estate in the beneficiaries. The testator devised his property to them, without qualification, except that it is left in equal shares and in trust.

Counsel, however, rely upon *Davis* v. *Williams,* 85 Tenn., 646, 4 S. W., 8, as authority for their insistence. In that case there was a life estate and

remainder. However, there can be no merger where an active trust interposes. In the later case of *Henson* v. *Wright*, 88 Tenn., 501, 12 S. W., 1035, Mr. Justice LURTON, who delivered the opinion of this court in *Davis* v. *Williams*, said:

"If any trust or duty is imposed on the trustee, either expressly or by implication, the trust is an active one, and in such case there is no merger of the legal and equitable estates"—citing *Henderson* v. *Hill*, 77 Tenn. (9 Lea), 25, and *Jourolmon* v. *Massengill*, 86 Tenn., 93, 5 S. W., 719.

The doctrine of merger will not apply where it defeats the intention of the grantor or testator. Perry on Trusts, section 347; 10 R. C. L., 667; 40 Cyc., 1813.

The judgment of the court of civil appeals is reversed, and a decree will be entered in this court sustaining the trust.