MAYBERRY *v.* REDMOND *et al.*

(*Jackson,* April Term, 1935.)

Opinion filed June 29, 1935.

W. J. SMITH, of Franklin, for appellant.

E. W. EGGLESTON and WIRT COURTNEY, both of Franklin, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The bill was filed by a judgment creditor of Y. E. (Young) Redmond to reach certain property devised in trust for his benefit by the will of his mother. The chancellor decreed for complainant.

The will of Mrs. Lucy A. Redmond, his mother, contains this provision:

"Item 2nd. I give, devise and bequeath one-half of my property of every character and description to my Brother 'J. H. Redmond Trustee to be held by him for the use and benefit of my son Young Redmond, the trustee shall pay to said Young Redmond the annual income from the property herein devised during his life time .and Young Redmond shall have the power to dispose of said property by last will and testament, but should he die intestate the same shall go to my next of kin under the laws of descent and distribution."

By another clause, the son was authorized, with the consent of the trustees, to dispose of the property for reinvestment.

This suit was brought during the lifetime of Young Redmond. After his death, the suit was revived against his executor. The suit could not have been maintained at all as against Young Redmond and his trustee. When an active trust is created by some person other than the beneficiary and is "declared by will duly

recorded or deed duly registered," the court of chancery is without power or jurisdiction to subject the interest of the beneficiary. "The practical effect, in every such case, is to create a 'spendthrift trust,' so far as relief in equity is concerned, even though the instrument contains no language excluding the rights of creditors." *White* v. *O'Bryan,* 148 Tenn., 18, 40, 251 S. W., 785, 791. See, also, *Henson* v. *Wright,* 88 Tenn., 501, 12 S. W., 1035; *Porter* v. *Lee,* 88 Tenn., 782, 14 S. W., 218; *Menken Co.* v. *Brinkley,* 94 Tenn., 721, 31 S. W., 92; *Jourolmon* v. *Massengill,* 86 Tenn., 81, 5 S. W., 719, construing section 4283 of the Code of 1858, section 10353 of the Code of 1932.

The parties, however, have treated the suit, revived against the executor, as if originally brought after Young Redmond's death, and we may do likewise.

Complainant relies on a rule of the English courts of chancery that property, real or personal, which is the subject of a general power of appointment, is in equity assets for the payment of the creditors of the donee's estate, if his own estate is insufficient to pay them, where he exercised the power by deed or will, or in other manner prescribed by the terms of the power itself, and appointed the property to volunteers, that is, to others than his creditors. Some of the English cases are *Thompson* v. *Towne,* 2 Vern., 319, 23 Eng. Reprint, 806; *Lassells* v. *Cornwallis,* 2 Vern., 465, 23 Eng. Reprint, 898; *Bainton* v. *Ward,* 2 Atk., 172, 26 Eng. Reprint, 507; *Townshend* v. *Windham,* 2 Ves. Sr., 1, 28 Eng. Reprint, 1.

This rule has been recognized and applied by a number of American courts. Perhaps the leading American cases are *Clapp* v. *Ingraham,* 126 Mass., 200, and *Johnson* v. *Cushing,* 15 N. H., 298, 41 Am. Dec., 694.

The cases likewise seem to hold that a power of appointment may be a general power, although it can only be exercised by will. That the rule above stated is applied indiscriminately whether the power limited the method of its exercise to deed, to will, or to deed or will. *Townshend* v. *Windham, supra; Tallmadge* v. *Sill,* 21 Barb. (N. Y.), 34; *Whitlock-Rose* v. *McCaughn* (C. C. A.), 21 F. (2d), 164.

The English rule above stated has been subjected to much crticism. It is distinctly repudiated by some American decisions and apparently repudiated by others. The objections to the rule are strongly stated by Chief Justice GIBSON in *Commonwealth* v. *Duffield,* 12 Pa., 277. He said:

"Such a fund is certainly not legal assets, for it does not go into the executor's hands in a course of administration. It could not be a part of the appointer's effects while he was living, and it cannot be so when he is dead; for a title which did not vest in him when he had capacity to take, could not vest in him when his capacity was lost. Yet an English chancellor intercepts the money on its way to the appointee, and applies it to the appointer's debts, not as an actual part of his effects, but as what, according to the chancellor's notion of justice, ought to have been made so for the benefit of his creditors. . . . There is such flagrant injustice in applying the bounty of a testator to the benefit of those for whom it was not intended, that the mind revolts from it. An appointee derives title immediately from the donor of the power, by the instrument in which it was created; and consequently not under but paramount to the appointer, by whom it was executed; by reason of which

it is impossible to conceive that the appointer's creditors have an equity.''

*Rhode Island Hospital Trust Co.* v. *Anthony*, 49 R. I., 339, 142 A., 531, 59 A. L. R., 1501, expressly repudiates the English rule and *Wales' Adm'r* v. *Bowdish's Ex'r*, 61 Vt., 23, 17 A., 1000, 4 L. R. A., 819, refuses to apply the rule in favor of creditors of the donee existing at the time the power was conferred under a will giving an estate in trust for the benefit of the donee with power of appointment in him.

Other cases which deal with this rule are collected in a note, 59 A. L. R., 1510.

Apart from the weight of the arguments against the reason and justice of that rule, in view of the statutory limitations upon the power and jurisdiction of Tennessee chancery courts to reach property held under a trust such as this one, noted in our cases heretofore cited, we doubt that the English rule could ever be applied by this court. This, however, is not decided.

██ The chancellor was of opinion that Young Redmond had by last will and testament exercised the power of appointment under his mother's will so as to appropriate to the claims of his creditors as much of the trust estate as was necessary to pay them.

The first and second paragraphs of Young Redmond's will are as follows:

''Being of sound (mind), I hereby make this my last Will and Testament, revoking all other Wills made by me. The distribution of property under this Will, to include all property that I may own and also the property held in Trust, inherited by Will of Lucy A. Redmond.

"I authorize my executor to pay my honest debts out of the first money that comes into his hands."

The third, fourth, and fifth paragraphs of this will set out the disposition of the estate that testator desires and the concluding paragraph is as follows:

"I hereby appoint William B. Redmond my executor, without bond, and give him authority to sell the property privately or at public auction and pay off legacies within two years, should there be no litigation."

Thus, in express terms, the will undertook to appoint the trust estate, to turn it over to the executor named for sale and distribution, and, in so many words, the donee of the power directed the executor "to pay my honest debts out of the first money that comes into his hands."

*Rhode Island Hospital Trust Co.* v. *Anthony, supra,* as well as cases following the English rule, concede that the donee of a general power of disposition, such as the one under consideration, may, if he so desires, appoint the property to the payment of his own creditors. This indeed is one of the reasons given in support of the English rule. The donee of the general power may be just and pay his debts, or he may be generous and give to volunteers. The English chancellors have said that he must be just before he is generous.

Counsel for the defendant refer us to *Balls* v. *Dampman,* 69 Md., 390, 16 A., 16, 1 L. R. A., 545, as opposed to the conclusion that the donee of the power may appoint the estate to the satisfaction of his own debts. We think, however, that case may be distinguished on its facts.

The decision in *Bostick* v. *Winton,* 33 Tenn. (1 Sneed), 524, dealt with a special power of appointment, not a

general power, the donee there being restricted to a disposition of the estate among his children.

For the reasons stated, the decree of the chancellor is affirmed.