## M. T. BRYAN *v.* J. H. ZARECOR *et al.*

### *(Nashville.*    December Term, 1903.)

1. **CHANCERY PLEADING.** Amended bill by a trustee not introducing a new cause of action nor a new party, but relating back so as to preserve lien.

   Where complainant files a bill as trustee for a certain named bank alleging that as trustee of such bank, he recovered a certain described judgment against defendant, and subsequently files an amended bill alleging that the judgment was recovered in the name of said bank for the use of complainant as trustee for certain named creditors of said bank, such amended bill does not alter the cause of action stated in the original bill, nor does it, in legal contemplation, bring forward a new and independent party as the party to recover under the original bill, and it relates back to the date of the filing of the original bill for the purpose of preserving any liens on the property secured by the original bill. (*Post, pp.* 507-511.)

   Case cited and approved: Love v. Railroad, 108 Tenn., 104.

2. **FRAUDULENT CONVEYANCES.** Bill to set aside creates lien without attachment, when.

   A creditor's bill to set aside fraudulent conveyances of property or other devices resorted to for the purpose of hindering and delaying creditors creates a lien on the property from the date of its filing, and an attachment is not essential for this purpose. (*Post, pp.* 511-513.)

   Code cited and construed: Secs. 6097 and 6098 (S.); secs. 5031 and 5032 (M. & V.); secs. 4288 and 4289 (T. & S. and 1858).

   Case cited and approved: Epperson v. Robertson, 91 Tenn., 407.

Bryan v. Zarecor.

3. **CHANCERY JURISDICTION.** None to aid a judgment creditor where execution is leviable by garnishment without impediment or discovery.

Where no discovery is sought or needed, a bill by a judgment creditor, with execution returned nulla bona and unsatisfied, will not lie in chancery to reach an asset or debt which was leviable at law, where no obstacle or impediment was in the way of the enforcement of an execution by garnishment, and there was no lien, fraud, trust, nor equitable interest in the property. (*Post, pp.* 506-507, 513-525.)

Code cited and construed: Secs. 6091-6095 (S.); secs. 5025-5029 (M. & V.); secs. 4282-4286 (T. & S. and 1858).

Acts cited and construed: 1832, ch. 11.

Cases cited and approved: Erwin v. Oldham, 6 Yer., 185, 186; Hoard v. Casey, 4 Sneed, 179; Ewing v. Cantrell, Meigs, 364; Graham v. Merrill, 5 Cold., 633; Penniman v. Smith, 5 Lea, 130; Weakley v. Cockrill, 6 Lea, 270; Ewing v. Cook, 85 Tenn., 332; Jourolmon v. Massengill, 86 Tenn., 118, 119, 121; Porter v. Lee, 88 Tenn., 787, 791; McKeldin v. Gouldy, 91 Tenn., 678.

Cases cited, approved and distinguished: Embree v. Reeve, 6 Hum., 37; Riddle v. Motley, 1 Lea, 470; Turley v. Massengill, 7 Lea, 363; Cresswell v. Smith, 8 Lea, 699; Imboden v. Perrie, 13 Lea, 505.

---

FROM WILLIAMSON.

---

Appeal from the Chancery Court of Williamson County.—JOHN ALLISON, Chancellor.

HENDERSON & BERRY, for Franklin Turnpike Company.

EGGLESTON & EGGLESTON and M. T. BRYAN, for M. T. Bryan.

HENRY E. SMITH, for Miss Wilkinson.

HAMILTON PARKS and W. T. TURLEY, for Hamilton Parks.

———

MR. JUSTICE MCALISTER delivered the opinion of the Court.

The questions presented on this record arise on a bill of interpleader exhibited by the Franklin Turnpike Company against J. H. Zarecor and certain other defendants who are claimants to a certain fund. The bill alleges that on the twentieth day of April, 1901, in the circuit court of Williamson county, J. H. Zarecor recovered a verdict and judgment against the Franklin Turnpike Company for the sum of $7,000, which on appeal was affirmed at the December term, 1901, of the supreme court.

The defendants were judgment creditors of J. H. Zarecor, and sought by garnishment and attachment proceedings to impound the proceeds of this judgment for the satisfaction of their several claims.

The only questions now presented on the record are in respect of the priority of said claims to payment out of the proceeds of said judgment.

The defendant Miss Maggie Wilkinson claims priority by virtue of the service of a garnishment under an execution issued on a judgment in her favor against Zarecor for about $1,334.67, which garnishment notice was served on the president of the turnpike company April 20, 1901, at 7:15 o'clock a. m.

The defendant Hamilton Parks claims priority to the fund by reason of an assignment in writing by Zarecor to him of $5,000 of said judgment against the turnpike company, made April 20, 1901. Defendant Parks alleges that he filed a copy of this assignment in the circuit court of Williamson county on the day of its execution, and that he also gave notice of it on the same day to the turnpike company. It further appears that on the nineteenth of April, 1901, at 2 o'clock p. m., M. T. Bryan, styling himself in the caption of his bill as "Trustee of the Mechanics' Savings Bank & Trust Company of Davidson county, Tennessee," filed an original bill agaist J. H Zarecor and the Franklin Turnpike Company alleging that, "as trustee of the Mechanics'. Savings Bank & Trust Company," he recovered a judgment February 22, 1896, against Zarecor, in the chancery court of Davidson county, for the sum of $4,161.69, upon which an execution issued March 29, 1896, and was returned *nulla bona* by the sheriff of said county April 4, 1896; that an alias execution issued on said judgment December 14, 1900, which had been likewise returned *nulla bona* by the sheriff of said county; that Zarecor, who is insolvent, had recovered a verdict against the

Franklin Turnpike Company for the sum of $7,000—and prayed that an attachment issue, impounding the amount of the recovery aforesaid in the hands of the Franklin Turnpike Company and upon final hearing complainant have a decree against said company for his debt, with interest.   An attachment accordingly issued, which went into the hands of the sheriff of Williamson county April 20, 1901, and was levied by him upon the recovery of Zarecor against the turnpike company about 8:30 o'clock a. m. the same day, by reading the writ to the president of the company. - It appears that the president of the company waived service of the summons on it.   It further appears that on the fifth of April, 1902, Bryan filed an amended supplemental bill, which, after stating the substantial averments of his original bill, alleged that, "the allegation in said original bill that, 'as trustee of the Mechanics' Savings Bank & Trust Company,' he recovered a judgment against defendant Zarecor," was not technically correct, and that said statement was inadvertently made by counsel, on account of want of familiarity with the facts.   It it then alleged that complainant did recover said judgment against defendant Zarecor by confession in the chancery court of Davidson county, in the name of said Mechanics' Savings Bank & Trust Company, "for his use as trustee for William Porter et al., creditors of said bank and trust company."   It is alleged that the style of the cause wherein said judgment was rendered was, "Mechanics'

Bank & Trust Company, for the use of M. T. Bryan Trustee, v. J. H. Zarecor."

It is further alleged in the amended bill of M. T. Bryan that his recovery against Zarecor was as trustee, and as such complainant filed his original bill, and that the statement therein, and in the caption thereof, that he, "as trustee of the Mechanics' Savings Bank & Trust Company," recovered said judgment, as, as stated, technically incorrect—a misnomer or misconception of the parties, which complainant now asked be corrected, in order that same may correspond with the facts, which show that, while said judgment was recovered in the name of the Mechanics' Savings Bank & Trust Company for the use of complainant Bryan as trustee, it was as trustee for William Porter et al., who were creditors of said bank and trust company, as stated in said decree, and that the balance, if any, left after the payment of defendant's debt to William Porter et al., would in law belong to and go to said Mechanics' Savings Bank & Trust Company, so that complainant Bryan might be regarded, as to said recovery, trustee for both William Porter et al., and the Mechanics' Savings Bank & Trust Company in the order named.

It should have been stated that Nolen & Slemons, Hamilton Parks, and Hearne & McCorkle were the attorneys for Zarecor in the recovery of said judgment, and lien was declared thereon for their fees, which were fixed at one-half of the recovery. It appears that this claim for counsel fees was admitted on all hands to have

priority over all other claims, and the same has been paid in full, leaving the balance of said judgment, with interest, for the satisfaction of the claims of the other creditors according to their several priorities.

It may be conceded that the real contest presented on the record is between Bryan, trustee, upon the one hand, and Miss Wilkinson and Hamilton Parks, on the other.

The court of chancery appeals, in disposing of this question, wrote as follows:

"If the right or lien of Bryan, trustee, arises under or depends on his amended bill filed April 5, 1902, then it must be conceded that his debt is postponed to that of Miss Wilkinson and Hamilton Parks, unless his amendment or amended bill relates back to the date of the filing of the original bill, April 19, 1901."

That court then cites the language of this court in *Love* v. *Southern Railway Company,* 108 Tenn., 104, 65 S. W., 475, 55 L. R. A., 471, as follows:

"The complaint or declaration may be amended as in other actions, when the amended pleading does not state a new cause of action, and such amendment, although made after the expiration of the period of limitations, will relate back to the commencement of the action. . . The general principle is that, when the amendment does not set up a new cause of action or bring in new parties, the running of the statute is arrested at the date of the filing of the original pleading. But when a new cause of action is introduced, the statute runs against it to the time when it is filed. The difficulty is not in stating the

rule, but in its application to the facts of each case, and in determining what introduces and constitutes a new cause of action, in the sense in which that term is used. It is evident that the term 'new cause of action' may refer to a new state of facts out of which liability arises, or it may refer to new parties who are alleged to be entitled under the same state of facts, or it may embrace both features."

The court of chancery appeals concludes that the amendment presented by Bryan, trustee, in this case, related back to the date of the filing of his original bill. Bryan, trustee, in his amended bill, did not bring forward any new cause of action; nor did he, in legal contemplation, bring forward a new and independent party as the party to recover under his original bill. The only change made in the amended bill is that he stated in his original bill that "as trustee of the Mechanics' Savings Bank & Trust Company of Davidson county, Tennessee," he filed it, and in his amended bill he alleges that the Mechanics' Savings Bank & Trust Company, "for his use as trustee for William Porter et al.," recovered the judgment named in the original bill.

The cause of action alleged in the original bill was his right to recover upon the judgment for a definite amount recovered at a specific date, in a definite court, against Mr. Zarecor, and it would not be pushing or straining the law to say that he was in a sense trustee of the Mechanics' Savings Bank & Trust Company. That court concludes that Mr. Bryan acquired the first lien upon

the proceeds of the judgment obtained by Zarecor against the turnpike company.

We are entirely satisfied with the disposition of this branch of the case made by the court of chancery appeals, and fully concur in the reasoning and conclusions reached by that court.

The question, however, was made by demurrer in the court below that M. T. Bryan did not acquire a prior lien to this fund, for the reason that his lien depended upon the validity of the attachment sued out under his original bill. It appears that a demurrer was filed by Zarecor to Bryan's original bill, so far as it sought relief by original attachment, upon the following grounds, namely: (1) The allegations of the bill are not sufficient to authorize the issuance of his original attachment, under the statutes of the State; (2) the allegations of the bill are not sufficient to authorize the issuance of an original attachment under the inherent jurisdiction of the chancery court.

The court of chancery appeals finds that this demurrer was sustained by the chancellor, but no order sustaining it was ever entered on the minutes of the court, but that afterwards the case was determined upon the theory that the rights of the parties depended upon the facts averred in the bill of interpleader. That court held, however, that independent of this consideration, the issuance of an original attachment under the original bill of Bryan, trustee, was not necessary to fix a lien upon the proceeds of the judgment, but that, under the

provisions of the statute (act of 1832; sections 6092, 6093, and 6095 of Shannon's Code), Bryan, trustee, had a lien upon the property specifically described in that bill from the date of its filing.

The last holding of the court of chancery appeals presents the crucial question in the case, namely, whether Bryan, trustee, either by the filing of his original bill, or the suing out of an attachment thereunder, as matter of law, acquired any lien on the proceeds of the judgment against the turnpike company.

It will be remarked, in the first place, that the case of *Epperson* v. *Robertson,* 91 Tenn., 407, 19 S. W., 230, cited by the court of chancery appeals in support of this holding, is not an authority on the question presented. That case involved a construction of sections 6097 and 6098 of Shannon's Code. Section 6097 provides:

"Any creditor, without first having obtained a judgment at law, may file his bill in chancery for himself or for himself and other creditors to set aside fraudulent conveyances of property or other devices resorted to for the purpose of hindering and delaying creditors, and subject the property by sale or otherwise to the satisfaction of the debt."

Section 6098 provides:

"Upon filing the bill, writs of attachment or injunction may be granted on complainant's giving bond or security in such sums as the chancellor or judge may order." etc.

The opinion of the court in that case states that the bill was filed under section 6097, Shannon's Code, and the attachment issued by virtue of section 6098.

"The attachment was not essential. It operated only to impound the property and prevent further incumbrance or transfer. The creditors acquired the lien from the filing of the bill, which could only be defeated by failure to establish the existence of their debts, or the fact of fraud."

The sections under which complainant Bryan claims to have filed his original attachment bill are sections 6091, 6092, and 6095 of Shannon's Code as follows:

Section 6091, in treating of the ancillary jurisdiction of courts of chancery, provides:

"They have exclusive jurisdiction to aid a creditor by judgment or decree to subject the property of the defendant which cannot be reached by execution to the satisfaction of the judgment or decree under the provisions of the Code."

It may be observed that this section originated with the Code of 1858 (*Porter* v. *Lee*, 88 Tenn., 792, 793, 14 S. W., 218), and is expressly limited to property which cannot be reached by execution.

Section 6092 provides:

"The creditor whose execution has been returned unsatisfied in whole or in part may file a bill in chancery against the defendant in the execution, and any other person or corporation, to compel the discovery of any

property including stocks, choses in action, or money due to such defendant or held in trust for him, except when the trust has been created by, or the property so held has proceeded from, some person other than the defendant himself, and the trust is declared by will duly recorded or deed duly registered."

Section 6093 provides:

"The court has power to compel the discovery, and to prevent the transfer, payment or delivery of the property and to subject the same to the satisfaction of the judgment or decree, whether such property could, if in the defendant's possession or with the title vested in him, be levied upon by execution or not."

Section 6095 provides:

"The creditor has a lien upon the property from the filing of his bill, but he may acquire a lien from the rendition of the judgment or decree by causing a memorandum thereof within sixty days from its rendition to be registered as provided in sections 4712 and 4713 [Shannon's Code], and by filing his bill within thirty days from the return of the execution unsatisfied."

It is insisted by counsel that the bill of Bryan, trustee, cannot be maintained under the Code sections quoted, and that no lien was fixed either by the filing of the bill or service of the attachment on the proceeds of the judgment, for the following reasons, viz:

(1) Shannon's Code, sections 6092-6095, provide for bills of discovery only, and neither the original nor the

amended bill filed by Bryan, trustee, is a bill of discovery for the reason that no discovery was asked, and answers under oath of all the defendants were waived in both bills.

(2)   The original bill does not state any reason why the property sought to be impounded could not be reached by execution, nor any reason or facts or equities giving the chancery court jurisdiction of the matters therein alleged, nor any reason for the interposition of the chancery court, neither does the amended bill, nor the two bills taken together.

(3)   The original and amended bills show on their face that the proper remedy for Bryan, trustee, to have pursued, was by execution and garnishment at law, and no reason is alleged or fact shown why this course was not pursued, and why it was not the proper remedy. The bills show on their face that the property existed, and could be reached by execution at law, and the legal remedy was not exhausted.

We are constrained to hold that these several contentions are sound, and that counsel has mistaken his remedy in his effort to enforce the collection of his debt. The whole scope and effect of the sections of the Code invoked to sustain the jurisdiction of the court in this case is to enable the creditor to compel the discovery by his debtor, and any other person or corporation, of any property, including stocks, choses in action, or money, due to such defendant.   But in neither the original nor

amended bill is any discovery asked, and the defendants are all relieved from answering under oath.

In *Erwin* v. *Oldham*, 6 Yerg., 186, 27 Am. Dec., 458, decided in 1834, it was held:

Equity has no inherent jurisdiction, in the absence of fraud or trust, to aid a judgment creditor in subjecting to the satisfaction of his judgment stocks, credits, and rights of action held by the debtor."

So in *Ewing* v. *Cantrell,* Meigs, 364, decided in 1838, it was held:

"There was no jurisdiction in chancery to subject a debtor's money, stocks, choses in action, etc., to the satisfaction of judgments against him, whether in his own hands, or in those of his voluntary donee, till the act of 1832, c. 11, Code 4282 [Shannon's Code, section 6091], which was produced by the doctrine held in the case of *Erwin* v. *Oldham,* 6 Yerg., 185, 27 Am. Dec., 458."

See, also, *Graham* v. *Merrill,* 5 Cold., 633.

In *Jourolmon* v. *Massengill,* 86 Tenn., 118, 5 S. W., 719, the history of the act of 1832, c. 11, was reviewed. Judge Lurton, in delivering the opinion of the court, at page 121, 86 Tenn., page 732, 5 S. W., said as follows:

"This act is carried into the Code, with no material or significant change, at sections 4283, 4284, 4285, 4286, and 4287. Now, in view of the doubt as to the inherent jurisdiction of the chancery court to reach property held in trust for another which was not subject to execution at law, we are disposed to say, with the New York court, concerning the same disputed jurisdiction and the same

legislative settlement, 'that, when the legislature came to define the cases and describe the manner by which intangible personal property should be subjected to the satisfaction of the debts of the owner, the provision ought to be regarded as exclusive of any other authority for effecting the same end.'"

In *McKeldin* v. *Gouldy,* 91 Tenn., 678, 20 S. W., 231, this court said as follows:

"The original jurisdiction of courts of equity to aid a creditor holding a legal demand was limited to those cases in which there was some element of fraud affecting the remedy at law as to assets subject to execution but for the interposition of fraud, and to those cases where there was some element of trust peculiarly entitling the creditor to subject a particular asset to the satisfaction of his demand; but, where neither trust nor fraud appeared, such courts had no jurisdiction to aid such creditor, even though he had exhausted his remedy at law." Citing *Erwin* v. *Oldham,* 6 Yerg., 186, 27 Am. Dec., 458; *Ewing* v. *Cantrell,* Meigs, 364; *Jourolmon* v. *Massengill,* 86 Tenn., 119, 5 S. W., 719; *Porter* v. *Lee,* 88 Tenn., 791, 14 S. W., 218. "To remedy this defect our act of 1832 was enacted."

In *Weakley* v. *Cockrill,* 6 Lea, 270, the plaintiff sought the aid of these sections (sections 6091-6095, Shannon's Code) to subject the equity of redemption in the lots sold under his execution to his debt. This court held that section 4282 (Shannon's Code, section 6091) confers on the chancery court exclusive jurisdiction "to

aid a creditor by judgment or decree to subject the property of the defendant which cannot be reached by execution to the satisfaction of the said judgment or decree." It was further said that "the statutes have prescribed a simple and economical mode of procedure for the redemption of land by the debtor and his creditors. . . . And this legislative provision regulating the whole subject excludes other modes of effecting redemption by a creditor who has become the purchaser at the sale."

This opinion was reaffirmed in *Ewing* v. *Cook,* 85 Tenn., 332, 3 S. W., 507, 4 Am. St. Rep., 765.

In *Porter* v. *Lee,* 88 Tenn., 787, 14 S. W., 219, it was said:

"But it is not our purpose to enlarge upon these questions, for we think the question raised in this case must be determined by a construction of section 1, c. 11, of the Act of 1832. Whether the relief sought could have been obtained under either the original or ancillary jurisdiction of the chancery court prior to the passage of that act need not, therefore, be here discussed or decided. Whatever may previously have been the power of the court with respect to the subjection of such an interest in real estate as the complainant in this case seeks to have applied to the payment of her debt, we are convinced that the act in question must be taken as the full measure of jurisdiction now existing in such a case."

Mr. Gibson, in Suits in Chancery, in treating of the

sections of the Code at section 979, pt. 4, says of a bill filed thereunder as follows:

"It must pray for process and for a discovery of the property of the judgment debtor, and to subject the same to the satisfaction of the complainant's debt, whether such property could be levied on or not."

In view of the decisions of this court already cited, we think the following propositions are settled, touching chapter 11 of the Acts of 1832, namely:

(1) A remedy by discovery was provided for a judgment creditor whose execution had been returned *nulla bona*, to reach stocks, choses in action, or money due to the judgment debtor, or held in trust for him.

(2) These sections must be taken as the full measure of jurisdiction now existing in such cases, and when the legislature came to define the cases and describe the manner by which intangible personal property should be subjected to the satisfaction of the debts of the owner, these provisions ought to be regarded as exclusive of any other authority for effecting the same end.

(3) Under these provisions of the Code, a bill may not be maintained to reach property subject to execution at law without an averment of some acknowledged principle of equity jurisdiction, such as the assertion of a lien, fraud, discovery, trust, or an equitable interest in the property.

As against the authorities herein reviewed, counsel for Bryan insist that he had the right to file his bill to impound and subject to the payment of his judgment the

recovery in favor of Zarecor against the turnpike company, under the provisions of the act of 1832. Counsel especially refer to the language of section 6093, Shannon's Code, as follows:

"The court has power to compel the discovery and to prevent the transfer, payment or delivery of the property and to subject the same to the satisfaction of the judgment or decree, whether such property could, if in. defendant's possession or with the title vested in him, be levied upon by execution or not."

Emphasizing the last clause in the section just quoted counsel insists that under the statute the court has the jurisdiction to entertain such bill, whether the property could be levied upon by execution or not.

The case of *Cresswell* v. *Smith,* 8 Lea, 699, is then cited in support of this view, as follows:

"Whether such property could, if in defendant's possession, or with the title vested in him, be levied upon him by execution or not—that is to say, the property may be reached, although a mere personal chattel subject to execution, if in defendant's possession, and also, if not subject to execution, such as stocks, choses in action, or money due to defendant, or held in trust for the defendant. In fact, I take it that it cannot well be doubted that mere personal chattels subject to execution may be reached in this mode, if in the hands of some other person or corporation than the debtor, and the court would have the power to compel the discovery and order the delivery of specific chattels to be applied to the

satisfaction of complainant's judgment, and to enforce the order by process of attachment for contempt."

The case from which the quotation is taken was a bill filed, under sections 6092 and 6093 of Shannon's Code by a judgment creditor whose execution had been returned unsatisfied, to discover specific property, and compel the judgment debtor to disclose where the property was, and also to compel the defendant, by process of attachment for contempt, to deliver up the property for the satisfaction of complainant's judgment.

The bill was expressly authorized by the provisions of the act of 1832, already quoted, to compel a discovery from the defendant of the whereabouts of six United States bonds and a gold watch, valued at $150, claimed to be owned by the defendant, and deposited with some unknown person.   The principal question arising was whether the bill could be maintained against the defendant alone, or whether it was necessary to join as a defendant the person or corporation with whom the property had been deposited.

It was held by the court that, since the relief might be had against the defendant alone, there was nothing in the language of the statute making it essential that some other person or corporation should be made a defendant.   The right to file a bill against the defendant and another would include the right to file a bill against the defendant alone, if the remedy given may be thus embraced.   In further exposition of the act of 1832, Judge McFarland said:

"It is true, the aid of the court to reach personal chattels is not generally needed. They are usually not capable of being concealed, and, all fraudulent transfers being void, may be levied on whenever found. The principal object of the statute was to reach choses in action, stocks, or money due the defendant, which could not be otherwise included. But personal chattels may be concealed, and, since the abolishment of imprisonment for debt, creditors may be successfully baffled while the debtor has personal effects amply sufficient to pay his debt. If the legislature meant to provide an adequate remedy in place of the one abolished—that is, imprisonment—they cannot certainly have neglected to provide some remedy to enable the creditor to discover personal effects which have been fraudulently concealed, and, as the language of the statute is broad enough to embrace this meaning, I see no reason to limit it. I conclude, therefore, that the bill may be maintained to reach mere personal chattels that have been fraudulently concealed."

We conclude, therefore, that *Cresswell* v. *Smith*, supra is not an authority to sustain the contention of defendant that the act of 1832 authorizes the filing of a bill to reach an asset which was leviable at law, and where no obstacle was presented in the enforcement of an execution by garnishment.

The next case cited by counsel in support of his contention is *Imboden* v. *Perrie and Wife*, 13 Lea, 505. That case presented a contest between an attaching cred-

itor of J. D. Imboden, whose attachment was levied by garnishing the bank where Imboden had funds on deposit, and the payee of a check drawn by J. D. Imboden on the said bank for $750.   It was held by this court that the drawing of the check did not amount to an assignment of the funds of the drawer in bank, and that the attaching creditor had priority to satisfaction out of said fund.   It does not appear from the opinion upon what grounds the attachment was sued out.   Nor does it appear that the bill was filed under the act of 1832. These sections of the Code were in no wise drawn in question, or made the subject of judicial construction or the basis of the rights of either litigant.   For all that appears in the opinion, the judgment debtor may have been a nonresident of the State and the attachment by garnishment on the resident bank authorized on that ground.

It is certainly not an authority in favor of defendant's contention on this branch of the case.

The next case referred to is *Embree* v. *Reeve*, 6 Hum., 37.   But an examination of that case discloses that it was a suit in equity by a judgment creditor whose execution had been returned *nulla bona* to subject to the payment of his judgment certain leasehold interests, and seeking a discovery in respect of their nature and extent.   The bill in that case was filed in Washington county, while the said leasehold interests were in property situated in Carter county.   It was ruled in that case that a judgment creditor, after a return of *nulla*

*bona* on an execution issued to the county in which the judgment was recovered, may come into equity to subject equitable personal assets of the debtor in another county, without first causing an execution to issue to the county where those assets were situated.

As said in *Riddle* v. *Motley,* 1 Lea, 470, "It is enough if the creditor show the exhaustion of his legal remedy by a return of *nulla bona* in the county in which the judgment was recovered." The latter case reaffirmed the rule announced in *Embree* v. *Reeve,* supra. But it is obvious that neither of these cases reaches the precise point with which we are now dealing, for the reason that the object of the bill in each case was to subject equitable interests which could not be reached by execution at law.

The case of *Turley* v. *Massengill,* 7 Lea, 363, is also cited by counsel for defendant, but an examination of that case will show that the object of the bill was to subject an equitable asset to the payment of complainant's debt. It was held that the act of 1832 does not restrict the inherent jurisdiction of the chancery court to subject equitable assets to the payment of debts, but widens that jurisdiction so as to include the power to subject such stocks and choses in action as cannot be reached by execution at law to the payment of the owner's debts. That case is in no sense an authority for the contention of defendant.

The error of defendant is in the assumption that a bill may be maintained to subject a purely legal asset where

no discovery is needed and there is no impediment in the way of the enforcement of his execution.    The judgment recovered by Zarecor against the Franklin Turnpike Company, under. the authorities in this State, was leviable under execution by garnishment. · *Penniman* v. *Smith,* 5 Lea, 130; *Hoard* v. *Casey,* 4 Sneed, 179. The remedy presented was plain, inexpensive, and unembarrassed.    It results that, in the opinion of this court, Bryan, trustee, acquired no lien by the filing of his bill, and the claims of Miss Wilkinson and Hamilton Parks are entitled to priority of satisfaction out of the fund in the order named.    The decree of the court of chancery appeals is therefore reversed, and, for the reasons stated, the decree of the chancellor is affirmed.