Bradley *v.* Boyd.

(*Knoxville*, September Term, 1934.)

Opinion filed November 30, 1934.

142

NORMAN CARROLL, of Madisonville, for appellant.

PEACE & SLOAN, of Madisonville, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Bradley filed this bill charging that he is the owner, by purchase from A. E. Brakehill, for a full consideration of $8,000 paid in cash, of a valuable farm, for which a deed was made to him in June, 1931, but which, because of a misunderstanding, he probated but failed to register until the 29th of March, 1933; that meanwhile, and. before the registration of said deed, a petition was filed in the chancery court by R. L. Boyd, defendant herein, against complainant's grantor, Brakehill, and certain other parties, alleging an indebtedness by them to Brake-

hill, charging that they had fraudulently disposed of, or were about to fraudulently dispose of, their property, and praying for an attachment, and thereunder an attachment issued and was levied on the said farm of complainant conveyed to him as aforesaid. It was alleged that said petition was filed in a cause pending in the chancery court of Monroe county, styled *State ex rel.* **v.** *Bank of Vonore*, being a suit brought to wind up the said Bank of Vonore, and sought a decree against said bank and also against the said Brakehill and others. Complainant herein alleged that the charges of fraud made in said petition were wholly groundless and known to be so by the petitioner, in so far as the sale of said farm to complainant was concerned, and that said Boyd well knew that complainant was in possession of said farm as owner thereof. He showed, further, that he had not been made a party to said suit in which said attachment had issued, and prayed that said attachment be abated and for an injunction to restrain the prosecution thereof.

Complainant relies on a line of cases beginning with *Chester* v. *Greer*, 5 Humph., 26, holding that a creditor of a grantor does not acquire rights under our registration laws, Code, section 7668, superior to those of a *bona fide* purchaser of land holding under an unregistered deed until the debt has been reduced to judgment. However, the rights of the parties are not determined by this registration statute, but by Code, section 10358, providing that "any creditor, without first having obtained a judgment at law, may file his bill in chancery . . . to set aside fraudulent conveyances of property," etc. In a proceeding under this Code section, creditors acquire a lien on the land described in the attachment bill from

the filing of the bill, which can only be defeated by failure to establish the existence of the debt, or the fact of fraud. *Epperson* v. *Robertson*, 91 Tenn., 407, 412, 19 S. W., 230; *Bryan* v. *Zarecor*, 112 Tenn., 503, 81 S. W., 1252. And the attachment of a creditor proceeding under this section takes priority over an unregistered deed, even though the creditor had knowledge of it. *Southern Bank & Trust Co.* v. *Folsom* (C. C. A.), 75 F., 929 (opinion by Mr. Justice LURTON); *Wilson* v. *Eifler*, 11 Heisk., 188. The determinative issue in such a case is the validity (1) of the debt and (2) of the attachment; on the facts herein alleged the question being whether or not grounds existed sustaining the attachment bill. The right cannot be denied the purchaser, complainant herein, to contest these alleged grounds and show, if he can, that the charges of fraud are without foundation.

The defendant herein interposed a demurrer setting up two grounds: (1) The pendency of the petition in the cause of *State ex rel.* v. *Bank of Vonore,* involving the same matters; and (2) that the bill showed that the attachment had been levied before complainant's deed was registered. The chancellor overruled the demurrer.

■ We are not disposed to interfere with the discretion of the chancellor in permitting the issues between these parties to be litigated in this separate proceeding, free from complications and delays incident to a suit with numerous parties and issues to wind up the bank. It can be readily conceived that a more speedy and less embarrassed disposition can thus be had. The decree overruling the demurrer is affirmed, and the cause remanded.